10-1148-cr
*United States v. Lucas*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of June, two thousand eleven.

PRESENT:   PIERRE N. LEVAL,
               DEBRA ANN LIVINGSTON,
               RAYMOND J. LOHIER, JR.,
                      *Circuit Judges.*

---

UNITED STATES OF AMERICA
       *Appellee*,

   -v.-                                                                No. 10-1148-cr

GARY LUCAS
       *Defendant-Appellant*.

---

JAMES C. NEVILLE, Port Washington, New York, *for Defendant-Appellant.*

CARTER BURWELL, Assistant United States Attorney (Emily Berger *on the brief*) *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-appellant Gary Lucas appeals from a judgment of conviction entered pursuant to a plea of guilty to charges of bank robbery, conspiracy to commit bank robbery, and use of a firearm during the commission of those offenses. *See* 18 U.S.C. §§ 1951(a), 2113(a), 924(c). On appeal, Lucas challenges the sentence imposed—principally, 279 months imprisonment—as both procedurally and substantively unreasonable. Specifically, Lucas contends the district court erred in (1) including carjacking and abduction enhancements in calculating his offense level, (2) refusing to reopen a previously held *Fatico* hearing after this case was remanded for resentencing, (3) varying upward on the basis of the nearly $1 million in stolen but never recovered funds, and (4) concluding that the 84-month mandatory minimum for the firearms offense had to run consecutive to, rather than concurrent with, the sentences imposed for the other offenses. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal and revisit those issues only as necessary to facilitate this discussion.

We review a district court's sentence for "reasonableness," which "requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). We reverse for procedural unreasonableness only where the district court committed "significant procedural error" that we cannot deem harmless and for substantive unreasonableness in those "exceptional cases" where the sentence imposed "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189-90 (2d Cir. 2008) (internal quotation marks omitted).

First, Lucas challenges the district court's inclusion of two sentencing enhancements—a two-level enhancement for a crime involving "carjacking" and a four-level enhancement for a crime in

which the victims were "abducted"—as improper. With respect to the former, he contends that because co-defendant Gerard Howard operated the vehicle at all times, the armored truck was never "tak[en] . . . by force." U.S.S.G. § 2B3.1, cmt. 1. With respect to the latter, he argues that no victim was "abducted," U.S.S.G. § 2B3.1(b)(4)(A), because, even though the armored truck was transported to a different location, the victims remained within the truck at all times and therefore were not "forced to accompany an offender to a different location," U.S.S.G. § 1B1.1, cmt. 1.A. Because both claims turn on application of specific Guidelines provisions, our review is *de novo*, *Cavera*, 550 F.3d at 189, and after engaging in such review, we affirm for substantially the reasons set forth by the district court at sentencing.

Specifically, we detect no error in the district court's conclusion that the crime—which unquestionably turned on the taking, by force, of the armored truck from its rightful owner and intended purpose—constituted a "carjacking" for purposes of the enhancement. We similarly see no error in the finding that defendants "abducted" the two non-participating armored truck employees by tying them up and transporting them, in the truck, to a different location. We therefore reject both claims on appeal as meritless.

Lucas next contends the district court erred in failing to "reopen" a previously held *Fatico* hearing so as to allow him to testify as to his involvement, or lack thereof, in certain aspects of the crime. *See United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979). Because a district court "has broad discretion as to what types of procedures are needed . . . for determination of relevant disputed facts" at sentencing, we review a district court's fact-finding procedures at sentencing under the relaxed "abuse of discretion" standard, taking account of, "among other things, the probative value and burdens of the proposed procedure." *United States v. Perez*, 295 F.3d 249, 254 (2d Cir. 2002)

3

(internal quotation marks omitted). We detect no abuse of discretion on these facts. As a preliminary matter, at the time the motion to reopen was made and denied, the district court had already held extensive factual hearings and reached informed, amply supported factual determinations. More important, the factual finding Lucas sought to contest through a reopened *Fatico* hearing was of no relevance to any issue the district court had to resolve at the resentencing hearing. Accordingly, we cannot conclude that the district court abused its discretion in determining that the burdens of reopening the hearing outweighed any probative value to be gained in so doing.

Third, Lucas argues the district court violated his due process rights by improperly placing on him the burden "to disprove a fact that was the basis for an enhanced sentence." Specifically, Lucas argues that the district court impermissibly penalized him for exercising his Fifth Amendment rights and remaining silent at sentencing as to the location of the money stolen during the course of the bank robbery. The argument is without merit. While the district court did vary upward from the advisory Guidelines' range based, in part, on the more than $1 million that was never recovered, it made abundantly clear that it was not "placing any burden on [Lucas] at all" but was instead "strictly dealing with the facts" as established through the government's evidence and, specifically, the testimony of an FBI agent establishing that "[t]he money is gone, not accounted for" and that the defendant—who, after all, pled guilty to stealing that money—"spent a considerable amount of money after . . . [the] heist until [he was] caught." The district court thus concluded that it could "take . . . into consideration" that "[t]he money is gone. . . . That's a fact." We detect no error in this reasoning, nor in the district court's use of this fact in its consideration of, among other things, the "nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1). We thus affirm its ultimate conclusion that an upward variance was warranted on these facts.

4

Finally, Lucas contends in his brief that imposition of the mandatory 84-month minimum for the firearms offense as a consecutive rather than concurrent sentence violated his due process rights. However, at oral argument, Lucas withdrew this challenge, conceding that the claim is now foreclosed by *Abbott v. United States*, — U.S. —, 131 S. Ct. 18 (2010). Accordingly, we need not address this issue further.

To the extent Lucas raises other claims on appeal, we have considered those arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk